AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
November 02, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Jaime Daniel Perez<br>*Defendant* | )<br>)<br>) Case No. 4:20-mj-2036<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☒ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On October 28, 2020, the Court held a hearing to determine whether Defendant should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f).  Assistant United States Attorney Jim McAllister appeared on behalf of the United States (the "Government"); Assistant Federal Public Defender Darryl Austin appeared on behalf of Defendant Jaime Daniel Perez ("Defendant").

EVIDENCE PRESENTED

The Government's Evidence Shows Defendant Is A Danger To The Community

The Defendant is charged in a criminal complaint, United States v. Jaime Daniel Perez, 4:20-mj-2036, pending in the United States District Court for the Southern District of Texas, with alien in possession of a firearm in violation of 18 U.S.C. §922 (g)(5) and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §922 (k). The Government offered testimony from a Special Agent ("Agent") with Alcohol, Firearms, Tobacco, and Explosives ("ATF"). The Court found his testimony to be credible. Agent testified to the following:

1.   Agent became familiar with Defendant when he was assigned to an investigation of Defendant after a traffic stop. The Department of Public Safety and Harris County Sheriffs conducted an investigation in Harris County. Defendant was stopped for a traffic violation. The officers discovered the following items in his vehicle: multiple firearms, ammunition, and two destructive devices.

2.   Defendant was the driver.

3.   A pistol was located between the driver's seat and the center console, close to the driver. The pistol had an obliterated serial number.

4.   There was a rifle in the passenger's lap.

5.   Ammunition was in the car: 184 rounds for the rifle; 16 rounds for the 40 caliber pistol.

6.   There were two destructive devices in the center console. One was a 4 to 5-inch-long PVC pipe with endcaps and a fuse sticking out of one end. The other was a galvanized steel pipe with endcaps with a fuse sticking out of the pipe.

7.   Defendant gave a statement after his arrest. Defendant admitted that the pistol was his. He said that when he bought it the serial number had already been obliterated. He kept it and engraved his initials into the gun. He admitted that the rifle was his and he had purchased it. He also said that the made the pipe bombs and was planning to use them to create a distraction.

8.   SA testified that Defendant is illegally in the United States and is not allowed to possess weapons. However, SA did not testify as the basis for his conclusion that Defendant was here illegally and further testified that he did not know that Defendant had been in the United States since he was 6.

9.     Defendant proffered that he lives with mother who owns her house. He has a 6-year-old daughter who lives with him. He works as an electrician on a contract basis, athought it was unclear how much work her had during the pandemic. There is no ICE detainer on the Defendant, and he has an immigration bond to stay in the country. His mother would co-sign on a bond if her were released.

10.    The unverified PTS report states that Defendant is 25 years old. He was born in Mexico but has lived here since he was 6 years old. He lives with his mother, four sisters, and daughter and would return there if released on bond. Before this arrest, Defendant had no criminal history other than one misdemeanor offense.

CONCLUSION

Based on the allegations in the criminal complaint, the evidence presented at the hearing, and the information in the Pretrial Services Agency report, the Court concludes as follows:

(1)    The criminal complaint, supporting affidavit, and the evidence presented establish that the Defendant committed one of the offenses with which he is charged, namely: possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §922 (k).

(2)    The Government established by clear and convincing evidence that the Defendant is a danger to the community. He was arrested driving a car while in possession of a pistol, rifle, 200 rounds of ammunition, and 2 pipe bombs that he intended to use to create a distraction. Defendant admitted these weapons belonged to him. He proffered that the weapons were in his car so that they would not be in the house with his daughter who lives with him. While it is commendable that the Defendant did not want weapons to be around his child, he was in possession of a large amount of ammunition, two firearms, and two pipe bombs, which he intended to use to create some kind of diversion, which implies that he was going to do something else while the diversion was in play. Defendant is a danger.

(3)    The Government did not establish that the Defendant is a flight risk. His mother lives in Houston and appeared at the hearing. She owns her own home and is willing to co-sign a bond. His father lives in Chicago. His information in the PTS report was unverified because neither his mother nor father were willing to give any information to PTS, which counsel proffered may have been based on a misunderstanding. Although Defendant is an alien, he is apparently in the country legally and has lived here most of his life. There was no evidence that Defendant travelled internationally, maintained any contacts outside the country, or had close family in Mexico. The Court does not find Defendant to be a flight risk under these circumstances.

(4)    Thus, the Court finds that the Defendant is a danger to the community such that it cannot safely release him on bond.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     November 01, 2020

*Dena Palermo*

United States Magistrate Judge